IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

Eric Spueling    2007 JAN 19 A 9:44
Full name and prison number
of plaintiff(s)            DEBRA P. HACKETT, CLK
                           U.S. DISTRICT COURT
                           MIDDLE DISTRICT ALA.    CIVIL ACTION NO. 2:07CV66-ID
v.                                                 (To be supplied by Clerk of
                                                    U.S. District Court)
C.O.I Veronica Stringer
SGT. B. Gordon
Warden S.C. Giles

_____

Name of person(s) who violated
your constitutional rights.
(List the names of all the
persons.)

I.   PREVIOUS LAWSUITS
     A.   Have you begun other lawsuits in state or federal court
          dealing with the same or similar facts involved in this
          action?  YES ( )   NO (✓)

     B.   Have you begun other lawsuits in state or federal court
          relating to your imprisonment?  YES ( )   NO (✓)

     C.   If your answer to A or B is yes, describe each lawsuit
          in the space below.  (If there is more than one lawsuit,
          describe the additional lawsuits on another piece of
          paper, using the same outline.)

          1.   Parties to this previous lawsuit:

               Plaintiff(s) Veronica Stringer C.O.I
               SGT. A Gordon

               Defendant(s) _____ Eric Spueling

          2.   Court (if federal court, name the district; if
               state court, name the county) _____
               Middle District of Alabama

3. Docket number ___-NA-___

4. Name of judge to whom case was assigned ___-NA-___

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) ___-NA-___

6. Approximate date of filing lawsuit ___-NA-___

7. Approximate date of disposition ___-NA-___

II. PLACE OF PRESENT CONFINEMENT ___Ventress Correctional Facility___

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED ___Ventress Correctional Facility, P.O. Box 767, Clayton, Alabama 36016.___

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

NAME                                ADDRESS

1. Warden J.C. Giles, V.C.F., P.O. Box 767, Clayton Ala, 36016
2. Veronica Stringer V.C.F., P.O. Box 767 Clayton, Ala 36016
3. SGT Gordon / V.C.F. P.O. Box 767, Clayton Ala 36016
4. ___
5. ___
6. ___

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED ___August /06___

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: ___14th Amendment Violation of Due Process / Equal Protection___

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

2007 JAN 19 A 9:44

ANTHONY GRAY, PLAINTIFF
ERIC SPURLING, PLAINTIFF,
ROBERT CAASEY, PLAINTIFF
RON HARRIS, PLAINTIFF

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

2:07CV66-ID

COMPLAINT
CIVIL ACTION NO: 2:07CV60-ID
[SUPPLIED BY CLERK]

VS.

INEZ ALEXANDER, ARRESTING OFFICER
Veronica STRINGER, ARRESTING OFFICER
CAROLYN LONGMIRE, HEARING OFFICER
GORDON, HEARING OFFICER
J.C. GILES, WARDEN I.
AMMIE SCREWS, ARRESTING OFFICER
GLORIA WHELLER, ARRESTING OFFICER
LT. MARY TAYLOR, HEARING OFFICER

**DEMAND FOR JURY TRIAL**

I. JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, or rights secured by the Constitution of the United States. The Court has jurisdiction under U.S.C. Section 1331 and 1343 (a)(3). Plaintiffs seeks declatory relief pursuant to U.S.C. §28 and section 1331 and 1343 (a)(3). Plaintiff claim for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil procedures.

2. The Middle Distrcit of Alabama is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occured.

II. PLAINTIFFS

3. Plaintiff, Anthony Gray, and Eric Spurling, is and was at all times mentioned herein a prisoner of the state of Alabama in the custody of the Alabama Department of Corrections. They are currently confined in the Ventress Correctional Facility in Clayton, Alabama.

1.

4. Defendant Inez Alexander, is and was the arresting officer for plaintiff Gray, and is a C.O. I., for the Department of Corrections.

5. Defendant Veronica Stringer, is and was the arresting officer for plaintiff Spurling, and is a C.O. I, for the Department of Corrections.

6. Defendant Carolyn Longmire, is a Sgt.(Shift Supervisor) herein the Ventress Correctional Facility, and acted as the hearing officer for the plaintiff Gray.

7. Defendant Gordon, is a Sgt.(Shift supervisor) herein the Ventress Correctional Facility, and acted as the hearing officer for the plaintiff Spurling.

8. Defendant J.C.Giles, is the Acting Warden herein the Ventress Correctional Facility, and was the same at the time of the alleged violation of the plaintiffs constitutional rights.

9. Defendant Ammie Screws, is and was the arresting officer for plaintiff Casey, and is a C.O. I, for the Department of Corrections.

10. Defendant Gloria Wheeler is and was the arresting Officer for plaintiff Harris, and is a C.O. I, for the Department of Corrections.

11. Defendant Lt. Mary Taylor is and was the hearing officer for the plaintiff Harris, and is the Administration Lt. herein the Ventress CorrectionalFacility.

2.

## CLAIM # 1

VIOLATION OF BODILY PRIVACY UNDER THE 4th AMENDMENT

### -FACTS OF CLAIM -

On April 17,2006, at approximately 11:44 Am plaintiff Gray was returning back from chow call and upon inmate (plaintiff) Gray entering Dormitory 7,the Defendant Inez Alexander stoped the plaintiff and told the plaintiff to stand to the side of the cubicle door until the lobby of the dormitory clears out.

Once the lobby cleared out she stated "What were you doing this morning at the urinal", whereupon then the plaintiff stated what are you talking about? After that was said Defendant stated that "don't worry Im' gonna check your institutional jacket (file) and you can leave". Plaintiff then stated go ahead and do what you gotta do!

The next morning plaintiff was called to the cubicle by officer Starks where he was told to go and see what Mrs. Alexander (defendant) want with you. Upon Plaintiff Gray going too see what defendant Alexander wanted she shouted to the top of her voice "I want you too know that I handled that

.Plaintiff Gray then stated handled what? Defendant Alexander then stated "dont worry you'll see.

Approximately 10 minutes later Plaintiff Gray was called to the shift office and served a copy of a displinary.The shift office clerk gave the copy of the displinary to Defendant Sgt. Carolyn Longmire,whereupon the Defendant Longmire gave the papers to another officer Ms. Felicia Williams C.O. I. whereupon the plaintiff was told by Defendant Longmire to go have a seat on the bench in the lobby.

Three says later on April 20,2006, between 8:30 a.m. and 9:10 a.m. the defendant Carolyn Longmire came to the Dormitory 7-B to do a Segregation chart and as she was walking through the dorm she saw plaintiff Gray you will be having displinary hearing in a few minutes.

3.

Once 10:00 came around, plaintiff Gray told his treatment counselor the reason for not having displinary court which was the defendant Alexander did not come to work that day or for the next day and inmate (plaintiff) Gray was not served a extension for the hearing as required by the Department of Corrections Operations Procedures.

Prior to this incident the plaintiff (Gray) and Defendant Alexander got into a verbal altercation, due to the fact that officer Alexander use to bring plaintiff Gray food from home, and other items that were [n]ot allowed into the institution and in return for the favor inmate plaintiff Gray used to return the same favors for officer (defendant) Alexander and after this stopped that is when the retaliation started between the defendant and the plaintiff.
retaliation began.

Upon the incident happening defendant Alexander stated that you knew better than to be in the bathroom mastubating on me when the dorm was occupied by other officers. Specifically she was talking about the male officers that had been in and out of the dormitory that day which one just happen to come up at the time that the plaintiff allegedly committed the act accused of by the defendant Alexander.

Inmate (plaintiff Gray) stated to the defendant that "you know that I was not gunning you down" and why are you doing this too me, too which she replied taht it doesn't matter if I was standing there watching you but one of my co-workers walked in and I was not about to be put on the spot by one inmate in front of my co-workers because everyone knows that you all always are trying to gunn us females down.

Inmate Gray asked defendant Alexander why didn't she ask for the I.D. card at the time of the alleged incident instead of waiting 1½ hours later to call him and report the incident to which she replied I had to see what my co-worker was gonna say and I have to up-hold my reputation in here, and besides who do you think the supervisor is gonna believe me, you, or the witnesses you have?

4.

Prior to the incident Inmate (plaintiff Gray ) had a verbal and nearly physical incident with Mrs. Alexander's nephew which was also a inmate at the time located in the same dormitory,and plaintiff Gray asked her (officer Alexander) was he being retaliated against to which she replied that does it matters?

After she answered inmate Gray question in a derogatory manner inmate Gray told her that this is retribution and that I know that you have been doing this for years havent you?Defendant Alexander said doing what for years? Plaintiff Gray stated that you have been subjecting inmates to harsh and severe punishment form you supervisors after you are caught to be in the wrong by letting inmate mastubate for you and off of you just like the time that you took that money from that inmate for a period of (2) years, and then had told the inmate that you and he would "Hook up" after he got out, but upon the inmate being released C0.1 Alexander allowed the inmate to visit her at her home and she did not uphold her end of the proposition, and the inmate assaulted her to which she had the inmate arrested and the inmate was released after the police and the Department of Corrections investigated and found that you (defendant Alexander) had taken the inmate money over a period of years and after the inmate wanted the service for his money you did'nt provide it and then you tried to get him in trouble just like you do us inmates in here.

After this was related to (defendant Alexander) she blew a fuse and told inmate Gray that he would be found guilty of this last infraction and regardless if she had to lie which she would that he would be found guilty!She then said regardless of what I did it was my business and your ass is going to be written up now get out my face.

5.

14th AMENDMENT VIOLATION (DUE PROCESS EQUAL PROTECTION)

Plaintiff Gray avers that upon he asking to present witnesses in his defense that Sgt Longmire stated to him that it would not do him any good because he was gonna be found guilty anyway so therefore he would not need any.
However, plaintiff gray avers that his due process under the 14th Amendment of the United States Constitution was violated when the hearing failed to ask all of the question that he wanted presented because the hearing officer (Sgt Longmire) the defendant, stated that the questions that he wanted asked was irrellivant to the fact of whether he was guilty or not because all she needed was her offier word.

Also based on the hearing officer's finding of facts to which she concluded that Plaintiff Gray was guilty of violating Administrartion Rule "38" specifically Indicent Exposure, the hearing officer finding did not state that based upon offier (Sgt Longmire) findings that plaintiff Gray penis was only exposed,and that was because he was standing at the urinal,and common sense would have told her that plaintiff Gray had to expose his penis,but under the Administration Rules and regulation of the Department to be found guilty of A Rule violation #38 one penis "**must be exposed and erect,and that the inmate must be stroking his exposed and erect penis while looking directly at the officer while mastubating**" Admin. Rule 38.

Based upon the hearing officer testimony and finding of facts there was absolutely no way that inmate Gray could be found guilty of that violation because his penis was not erect,and he was not looking at Defendant Alexander while he was urinating which must be proven by the arresting officer and the evoidence which there was none except the defendant Alexander word of what had transpired between the inamte and the officer.

Inmate Gray contend that the displinary that was written by the defendant Alexander was so to speak an indictment to which he had to be put on trial for inside the institution and that every element of that [i]ndictment had to be

6.

Proven beyond a reasonable doubt to thehearing officer by the evidence, and the testimony and the finding of facts of the hearing officer which the defendant (Sgt. Carolyn Longmire)only found that inmate Gray had only exposed his penis,and it was not erect as needed to be as stated by the Admin.403 regulation to find inmate Gray guilty of that particular Offense of violation of a Rule #38,and based upon the defendant Longmire finding of facts there was not sufficient evidence nor testimony to find him guilty of that offense.

Thus based upon this his due process was violated by the defendant (sgt. Carolyn Longmire.) Furthermore inmate Gray had relayed information to the hearing officer that he had previously had surgery on his penis which was verified by his institutional medical files, which he had asked the hearing to include as a defense to his accusation but the hearing officer stated that regardless of what evidence he submitted he would still be found guilty simply because the inmates have a code to stick together, as well as the officers have a code to do the same regardless of right or wrong.

As evidence to the claims that is being presented by the plaintiff the plaintiff asked that the hearing officer include a copy of his medical files , and the Department of Correction Administration Rule 403.Under the Rule 403 Section IV, J., that section actually states that:

> The hearing officer may determine that the violation charged has not been proven, but that a lesser included similar offense has been proven.A lesser included violation is defined as being a violation in which some but not all of the elements of proof of teh originally charged violations are present.

As in the case here the evidence was not thereto which the hearinig officer could have found have inmate Gray guilty of that particular offense..

As to the remainder of the plaintiff claims, the plaintiffs alleges that the defendants violated their constitutional rights under the 14th Amendment of the United States Constitution by not asking the relevant questions to the arresting officers that were at the hearings, nor swearing the officers to tell the truth as to the testimony that they were about too give as to the questions that the plaintiffs had asked.

Also the plaintiffs, alleges that the hearing officers disregarded the evidence presented by the plaintiffs, and that the arresting officers supplied no physical evidence whatsoever as to support the allegations of the charge to which they charged the plaintiff's of violating.

The plaintiffs, also alleges that at the times of their hearing the Alabama department of Corrections Admin. Regulation #403 requires that the hearing officer excuses everyone from the hearing upon the hearing officer considering all the evidence that was presented but at no time did the hearing officers excuse the defendants only the plaintiffs were asked to leave the room and the hearing officers and the arresting officers stayed in the hearing room to deliberate over the evidence to which there was no physical evidence to support the allegations of the defendants, nor was there any other witnesses to the alleged acts of the plaintiffs other than the hearing officers themselves to which the palintiff's alleges that at times most of the female officers would seduce them to mastubate then upon being discoveered being unprofessional by their male co-workers they would file false Rule violation #38 accusing the palintiff's of indecent exposure which would cause the male officers to "jump on" the plaintiff's by using the metal batons to physical assault the plaintiff's after the defendant's (arresting officers) have lied on the plaintiffs.

As for defendant Wheeler plaintiff Harris avers that he was standing over a distant of 155 yards from the defendant and she alleges that she saw him expose himself to her while sitting in front of the institution infirmary along with several other inmates inwhich he asked her in his question to the defendant

8.

Lt.Mary Taylor, did she wear glasses, to whichshe said yes she did,and he also asked could there be any possible way that she could see over a hundred yards without her glasses on because she stated to the hearing officer that on that particular day of the allegded incident that she had left her glasses at home and was not wearing them at the time,and therefore the plaintiff stated to the hearing that there was no proper way that plaintiff Wheeler could have seen him doing anything that far ,and without her glasses.

Lt. taylor falsified the plaintiff statement at the hearing even after the plaintiff told the truth,and the defendant stated to the hearing officer that he (plaintiffHarris) had previously done [this] before to which she was referring to mastubate on defendant Wheeler, but that [s]he had allowed him to get away with that act that day because it was late in the day and that [s]he had taken the paperwork home with her and forgotton to write him up.

Plaintiff Harris alleges that he told the hearing officer Taylor that if that was true then defendant Wheeler had up to 14 days to commence action toward him if in fact she had caught him in the act of mastubating, to which he stated that proved that the officer(s) and the included defendants (arresting officers) allow the inmates to mastubate on them upon enticing,seducing,and propositioning them to do these lewd and [illegal] acts and once they are discovered by the male officers at the institution they retaliate by writing the false displainary reports to which the inmates take the blame for the immoral and unprofessional acts of the defendants .

Plaintiff Harris asked the hearing officer Lt. Mary Taylor to ask the defendant Gloria Wheeler if he had done this before then why didn't she write the incident up the remainding days she had to write it up before the time expired to which the hearing officer stated that it's illrelivent  to what I'm talking about.

However, the hearing officer tayolr stated that My co-workers words are all that matters when I'm holding a hearing.

9.

EXAUSTION OF LEGAL REMEDIES

12. The plaintiffs used the only available legal greviance procedue available through the institutional justice system to try and resolve this problem.The plaintiff's contacted the Warden to explain to him that the female officers had in fact started to write false displinaries and file false reports on them after the female officers were caught by their male co-workers acting very unprofessional, in their job performances,and as of the date of this complaint and lawsuit,the Warden Giles have yet to address the complaint of the plaintiff,or to reprimand the female officers for their unprofessionalism in their job performance.

13. Plaintiff's reallege and incoporate by reference paragraphs 1-12.

14. The filing of the fasle displinary reports,and the plaintiffs being placed in segregation,loss of good time and visitation priviliges as well as canteen priviledges,and phone priviledges constituted a violation of the plaintiff's constitutional rights under the 14th Amendment of the U.S. Constitution.

15. The plaintiff's has no plain,adequate,or complete remedy at law to redress the wrongs described herein.plaintiff's just has been and will continue to be irreparably injured by the consuct of the defendants unless this court grant the declatory,and injunctive relief plaintiff's seeks.

10.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGMENT GRANTING RELIEF ON:

15. A declaration that the acts and omissions described herein violated plaintiff's rights under the constitution and laws of the United States.

16. A preliminary injunction, and a permanent injunction ordering the defendant J.C. Giles to expunge the false displinaries from the plaintiffs institutional files, and for the Defendant J.C. Giles to install a partition in the bathroom at the urinals in the dormitories so that the female officers cannot have a direct view of the male genitals to whichcause the males to be placed in jeopardy of being lied on by the female officers but will by no means block the viewing of the officers for the purpose of security viewing, or in lieu of the above assign the female officers to areas where they cannot view the males nude while using the toilets, urinals, or in the showers while the males are showering. Plaintiff's also seek injunctive relief in the form of the next displinary for a Rule violation #38 that any of the female officers file herein the Ventress Correctional Facility, that the complaint must be supported by some form of physical evidence to be supplied to the hearing officer, not just the word of the arresting officer without supporting evidence

17. Compensatory damages in the amount of <u>100.00</u> against each defendant for the cost of aid in litigation of the suit, postage, and copies.

18. Punitive damages in the amount of $<u>100.00</u> against each defendant to stop the filing of false displinaries, resulting in physical assaults on the inmates, and the inmates loss of priviledges.

19. **A JURY TRIAL ON ALL ISSUES TRIABLE BY A JURY.**

11.

20. Plaintiff's cost in this suit.

21. Any additional relief this court deems just and proper and equitable.

Dated: _Jan 4/07_

Respectfully Submitted,

*[signature]* x
*Eric Spurling*
*Robert Casey*

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters that are alleged therein are true, except as to the matter alleged on infirmation and belief, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

*[signature]* Executed in Clayton, Alabama on January 1, 2007
*Eric Spurling*
*Robert Casey*
*Ron Harris*

Anthony Gray

Eric Spurling

Robert CAsey

Ron Harris

12.

